IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD T. PAYNE, SR.,

    Plaintiff,

v.                                                                                          CV 17-0536 JCH/JHR

UNITED STATES OF AMERICA,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff Ronald T. Payne, Sr.'s filing entitled "CERTIFICATE OF SERVICE Oral Argument on OMISSIONS" [Doc. 40], filed July 23, 2018. This case was referred to the undersigned Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), to perform any legal analysis required to recommend to presiding District Judge Herrera an ultimate disposition of the case. [*See* Doc. 53]. The Court has reviewed the docket in this matter, and considered the United States' response brief [Doc. 44], as well as filings the Court liberally construes to be Mr. Payne's arguments in reply.[1] [*See* Docs. 45, 46, 47]. Having done so, the Court recommends that Mr. Payne's filing be **granted in part**, insofar as the Court recommends that discovery be reopened for a limited period to permit Mr. Payne one more chance

---

[1] Mr. Payne is proceeding *pro se* in this matter. As such, while the Court does not act as his advocate, it liberally construes Mr. Payne's filings. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, *Requena v. Roberts*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers…. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

to identify an expert witness and pursue discovery. Mr. Payne's request that the Court "disallow" the United States' expert report should, however, be **denied without prejudice** to refiling, as should his request for oral argument.

I)      **BACKGROUND**

Mr. Payne filed his Complaint for Medical Malpractice and Damages on May 9, 2017, asserting medical negligence against the United States arising from his treatment by Dr. Kingsley at the Raymond G. Murphy VA Medical Center in Albuquerque, New Mexico. [*See* Doc. 1]. After holding a Rule 16 Scheduling Conference, then-assigned Magistrate Judge Lynch entered an Order Setting Pretrial Deadlines and Adopting Joint Status Report on August 29, 2017. [Doc. 19 ("Scheduling Order")]. The Scheduling Order set forth the following deadlines:

- Plaintiff's Expert Disclosures due:     January 2, 2018
- Defendant's Expert Disclosures due:     January 31, 2018
- Termination date for discovery:         February 26, 2018
- Discovery-related Motions deadline:     March 19, 2018
- Pretrial Motions deadline:              March 29, 2018

[*Id.*]. Mr. Payne missed his deadline to disclose his expert witness. However, he filed an Unopposed Motion to Extend Discovery and Motion Deadlines on January 29, 2018, which was granted by the undersigned on January 30, 2018. [*See* Docs. 29 (Motion), 30 (Order)]. This Order extended the discovery and pretrial motions deadlines by 60 days, to April 26, 2018, and May 29, 2018, respectively. [*See* Doc. 30]. However, Mr. Payne filed a letter on February 20, 2018, that changed things dramatically. [*See* Doc. 34].

In response to Mr. Payne's letter, then-presiding Chief District Judge Armijo set a telephonic hearing for March 13, 2018. [*See* Doc. 36]. Following this hearing, Judge Armijo

entered an Order staying the case until July 13, 2018, "to allow Plaintiff additional time to seek counsel and find an expert witness." [Doc. 39]. In other words, Judge Armijo reset Mr. Payne's expert disclosure deadline. [*Id.*]. Judge Armijo also determined that as part of the stay the United States would not be required to answer Mr. Payne's then-pending discovery requests. [*Id.*]. Judge Armijo concluded her Order by stating that the Court would set a status conference if Mr. Payne was unable to secure counsel by July 13, 2018. [*Id.*].

July 13, 2018, came and went, and on July 23, 2018, Mr. Payne filed the instant document. [Doc. 40]. In this filing Mr. Payne details his attempts to secure counsel and an expert. [*Id.*, p. 2]. He also offers the equivalent of a *Daubert* argument for the exclusion of the United States' expert witness at trial. [*Id.*, pp. 3-5]. Of course, with no expert witness, Mr. Payne's arguments are supported only by his own lay interpretation of his medical records and the United States' expert's report. [*Id.*]. Overarching Mr. Payne's arguments is a request to physically appear for a status hearing to present his case. [*See id.*, p. 1].

The United States' Response to Mr. Payne's filing points out that he initially missed the expert disclosure deadline, but fails to take into consideration that fact that Judge Armijo stayed this case and effectively reset Mr. Payne's expert deadline, arguing "[w]ithout an expert, Plaintiff's medical negligence claim fails to substantiate any medical negligence because the trier of fact cannot properly determine if any medical provider was negligent." [Doc. 44, p. 2]. The United States goes on to argue that Mr. Payne's instant filing is unsupported by any expert testimony, and that, if Mr. Payne "had legal or factual issues with Dr. Leyba's expert opinions, pursuant to the Scheduling Order (Doc. 19) he had the opportunity to schedule a deposition or file an appropriate motion. [*Id.*, pp. 2-3]. The United States

> thus objects to the Plaintiff's request for oral argument because he has not complied with the initial Scheduling Order (Doc. 19) or the Order Extending Pretrial

3

> Deadlines (Doc. 30). Plaintiff has not disclosed any expert witness to identify opinions in support of his case or to challenge the defense expert's opinions. *See* Docs. 19 and 39. Furthermore, Plaintiff did not ask to depose Dr. Leyba, nor has he filed any motion regarding the expert's opinions until the present motion. Though this court stayed the action, the present motion would also be untimely since it is filed well after the discovery motions deadline of April 26, 2018. *See* Doc. 30.

[*Id.*, p. 3]. Finally, the United States agrees that a status conference would be appropriate. [*Id.*].

Mr. Payne filed three documents in Reply to the United States' Response. [*See* Docs. 45, 46, 47]. In his final relevant filing, Mr. Payne explains that he would have asked to depose the United States' expert but did not because of the stay that was in place. [*See* Doc. 47, p. 2 ("[I]t was my understanding there will be no communication (stay all proceedings) between Plaintiff and the Defendant until after July 13, 2018.")]. Mr. Payne further explains that he may have asked to depose Dr. Kingsley "if I had received the answers to Plaintiff's interrogatories and Production requests." [*Id.*].

## II) LEGAL STANDARD

In all cases, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## III) ANALYSIS

As set forth above, there was clearly some confusion as to the discovery deadlines in this case. While it is true that Mr. Payne missed his expert disclosure deadline as set forth in the initial Scheduling Order entered by Magistrate Judge Lynch, District Judge Armijo's Order on March 13, 2018, effectively reset Mr. Payne's expert deadline. [*See* Doc. 39]. That deadline has never been formally reset, nor have the remaining deadlines in this case. Therefore, in the interests of justice, the undersigned proposes that Mr. Payne be given a hard deadline to submit his expert disclosure and to follow-up on the discovery that he served on the United States prior to the stay.

The United States should likewise endeavor to respond to Mr. Payne's discovery requests and to work cooperatively with him should he thereafter seek to depose its expert or other witnesses. However, Mr. Payne's time to do so should not be unlimited. The undersigned proposes that Mr. Payne be granted an additional sixty (60) days to complete discovery and disclose an expert witness, after which he and the United States should have an additional thirty (30) days to conduct any discovery either party deems relevant. Thus, the Court proposes the following modified deadlines for this case:

- Plaintiff's Expert Disclosures due: October 9, 2019
- Defendant's rebuttal Expert Disclosures (if any) due: November 12, 2019
- Termination date for discovery: December 2, 2019
- Discovery-related Motions deadline: December 9, 2019
- Pretrial Motions deadline: January 10, 2020

The undersigned believes that these deadlines strike an appropriate balance between the United States' right to have this case finally decided and Mr. Payne's right to a decision on the merits of his claim. The Court notes, however, that this is the last chance Mr. Payne will have to secure an expert and conduct discovery prior to its decision on the United States' pending Motion to Dismiss. [*See* Doc. 54].

**IV) CONCLUSION**

Having reviewed the record, it is apparent to the undersigned that there was some confusion concerning the deadlines in this case. For this reason, at this juncture, the Court does not believe that Mr. Payne should suffer a procedural defeat where he may still yet prevail on the merits. Therefore, for the foregoing reasons, the undersigned **hereby recommends** that Mr. Payne's filing [Doc. 40] be **granted in part**, and that the Court accept the modified schedule set forth above.

_____
Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**