IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD T. PAYNE, SR.,

       Plaintiff,

v.                                                   CV 17-0536 JCH/JHR

UNITED STATES OF AMERICA,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter comes before the Court on the United States of America's Motion to Dismiss [Doc. 54], filed November 14, 2018, and Mr. Payne's "Certificate of Service – Request to Consider Waiver of Federal Civic Court Rule 26(a)" [Doc. 77], filed November 4, 2019, which the Court liberally construes[1] as a request by Mr. Payne to release him of his obligation to produce an expert witness to support his claim for medical malpractice under New Mexico law. This case was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), to perform any legal analysis required to recommend to presiding District Judge Herrera an ultimate disposition of the case. [*See* Doc. 53]. The Court, being familiar with the history of this case and having carefully considered its duty to fairly apply the law, **hereby**

---

[1] Mr. Payne is proceeding *pro se* in this matter. While the Court does not act as his advocate, it must liberally construe his filings. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, *Requena v. Roberts*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers…. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

**recommends** that both Motions be **denied**. The Court **further recommends** that this matter be referred for mandatory settlement proceedings with a United States Magistrate Judge as required by this district's Local Rules.

## I.    BACKGROUND

Mr. Payne filed his Complaint for Medical Malpractice and Damages under the Federal Tort Claims Act ("FTCA") on May 9, 2017. [Doc. 1]. Factually, Mr. Payne alleged that he sought care from Dr. Darra Kingsley at the Raymond G. Murphy VA Medical Center in Albuquerque, New Mexico, because he was experiencing "symptoms of choledocolithiasis[2] and cholecystitis[3] and had been referred to Dr. Kingsley, a general surgeon, to consult about a cholecystectomy."[4] [*Id.*, p. 2]. However, believing Mr. Payne's symptoms to be the result of gastroesophageal reflux disease, Dr. Kingsley referred Mr. Payne for ulcer testing rather than scheduling him for a cholecystectomy. [*Id.*]. Unfortunately, Mr. Payne required "extensive emergency medical treatment, including a complicated subtotal cholecystectomy[,]" shortly after his visit with Dr. Kingsley. [*Id.*]. As a result, Mr. Payne sued the United States alleging that Dr. Kingsley misdiagnosed and failed to treat his acute gallbladder disease resulting in "medical crisis which necessitated extensive medical treatment and caused [him] significant suffering, distress and pain." [*Id.*, p. 3].

The United States answered Mr. Payne's Complaint on July 24, 2017. [Doc. 12]. Pertinent here, it denied that Mr. Payne "was having symptoms of 'choledecolithiasis and cholecystitis'" on

---

[2] The presence of a gallstone in the common bile duct. "Choledocolithiasis." Medical Dictionary for the Health Professions and Nursing. 2012. Farlex 8 Aug. 2020 <https://medicaldictionary.thefreedictionary.com/Choledoco-lithiasis>.

[3] Inflammation of the gallbladder. "Cholecystitis." Medical Dictionary for the Health Professions and Nursing. 2012. Farlex 8 Aug. 2020 <https://medical-dictionary.thefreedictionary.com/cholecystitis>.

[4] Surgical removal of the gallbladder. "Cholecystectomy." Medical Dictionary for the Health Professions and Nursing. 2012. Farlex 8 Aug. 2020 <https://medical-dictionary.thefreedictionary.com/cholecystectomy>.

the date in question. [*Id.*, p. 2]. Instead, it affirmatively stated that Mr. Payne was referred to Dr. Kingsley for "a general surgery consult request to evaluate [Mr. Payne] for gallbladder disease." [*Id.*]. The United States also admits that its employees, including Dr. Kingsley, had a duty to possess and apply the knowledge and use the skill and care that are ordinarily used by reasonably well-qualified and trained medical providers. [*Compare* Doc. 1, ¶ 14 *with* Doc. 12, ¶ 14]. However, the United States asserts as an affirmative defense that its agents exercised due care at all times and in all matters alleged in the Complaint and that no action or failure to act by one of its agents proximately caused Mr. Payne's damages. [Doc. 12, p. 3].

The parties filed their First Amended Joint Status Report and Provisional Discovery Plan ("JSR") on August 22, 2017. [Doc. 17]. In the JSR Mr. Payne clarified that he underwent emergency surgery six (6) days after visiting with Dr. Kingsley, which revealed a gangrenous gallbladder requiring a complicated subtotal cholecystectomy. [*Id.*, p. 1]. After holding a Rule 16 Scheduling Conference, then-assigned Magistrate Judge Lynch entered an Order Setting Pretrial Deadlines and Adopting the JSR on August 29, 2017. [Doc. 19 ("Scheduling Order")]. The Scheduling Order required Mr. Payne to disclose his expert witness(es) by January 2, 2018. The United States' expert disclosure was set for January 31, 2018, and discovery was set to close on February 26, 2018. [*Id.*].

Mr. Payne missed his deadline to disclose his expert witness; however, he filed an Unopposed Motion to Extend Discovery and Motion Deadlines on January 29, 2018, which was granted by the undersigned on January 30, 2018. [*See* Docs. 29 (Motion), 30 (Order)]. This Order extended the discovery and pretrial motions deadlines by 60 days, to April 26, 2018, and May 29, 2018, respectively. [*See* Doc. 30]. Meanwhile, the United States disclosed its expert to Mr. Payne on January 31, 2018.

Rather than attempt to meet the amended case management deadlines, Mr. Payne filed a letter on February 20, 2018 seeking to dismiss his case without prejudice because of his inability to obtain counsel or an expert witness. [*See* Doc. 34]. In response to Mr. Payne's letter, then-presiding Chief District Judge Armijo entered an Order staying the case until July 13, 2018, "to allow Plaintiff additional time to seek counsel and find an expert witness." [Doc. 39]. In other words, Judge Armijo reset Mr. Payne's expert disclosure deadline. [*Id.*]. Judge Armijo concluded her Order by stating that the Court would set a status conference if Mr. Payne was unable to secure counsel or an expert by July 13, 2018. [*Id.*].

July 13, 2018, came and went and the undersigned convened a status conference on October 22, 2018, to determine how the case should proceed. [*See* Doc. 51]. The Court noted that all pretrial deadlines had expired, even as extended by Judge Armijo's Order; however, after Judge Armijo assumed senior status, the case appeared to have languished. [*Id.*]. The case was soon reassigned to presiding District Judge Herrera, who subsequently referred the matter to the undersigned for proposed resolution. [*See* Doc. 53].

The United States filed its Motion to Dismiss on November 14, 2018. [Doc. 54]. The Motion, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), argues that Mr. Payne cannot establish a waiver of sovereign immunity under the Federal Tort Claims Act, placing this Court's subject matter jurisdiction in question. [*Id.*, p. 1]. The United States explains that Mr. Payne "is unable to make any credible showing of negligence in this matter" because "he has no evidence of medical negligence. Moreover, Defendant's expert reviewed the medical records and pleadings and concluded that the medical providers and the VA Medical Center provided Plaintiff with appropriate medical care[.]" [*Id.*, p. 8].

4

Mr. Payne was granted an extension to file his response to the United States' Motion until December 12, 2018. [Doc. 55]. However, rather than filing a response, Mr. Payne filed a Motion for Postponement on December 7, 2018 due to family medical issues. [Doc. 56]. The undersigned granted Mr. Payne's Motion on January 31, 2019, after the United States declined to respond, and stayed the case until May 1, 2019; Mr. Payne was directed to file his response to the Motion to Dismiss no later than May 6, 2019. [Doc. 61]. Unfortunately, Mr. Payne's personal circumstances only worsened, and on April 3, 2019, he moved to extend the stay by an additional six (6) weeks. [Doc. 62]. Mr. Payne's request was granted, and the stay was extended until June 12, 2019. [Doc. 64].

Mr. Payne mailed a document liberally construed as a response to the United States' Motion to Dismiss on June 8, 2019 (filed by the Clerk on June 17, 2019). [Doc. 66]. In this document, Mr. Payne asked why this case has not been referred to a settlement conference, accused the United States' attorney of unethical conduct, sought an in-person hearing,[5] and asked the Court to waive the formal procedure attendant to disclosures under Federal Rule of Civil Procedure 26, specifically seeking to be released from the burden of producing expert testimony in support of his malpractice claims as required by New Mexico precedent. [*Id.*, pp. 2-8].

The United States filed a reply on July 1, 2019, [Doc. 71], completing the briefing on its Motion. The upshot of the United States' reply is that, despite his representations, Mr. Payne "has failed to disclose an expert witness to assist in meeting his burden of proof and/or to rebut the opinions rendered by defense expert, Mario Leyba, M.D." [*Id.*, p. 5]. The United States seeks dismissal of Mr. Payne's case with prejudice. [*Id.*, p. 8].

---

[5] The Court notes that, in this district, motions are decided on the briefs unless it determines oral argument would be helpful. D.N.M.LR-Civ. 7.6(a). The Court does not find oral argument is necessary here, and so denies Mr. Payne's request for an in-person hearing.

After carefully reviewing the record the undersigned declined to address the merits of the United States' Motion and entered Proposed Findings and a Recommended Disposition on July 9, 2019, which recommended that discovery be reopened to permit Mr. Payne an additional opportunity to disclose an expert and obtain discovery. [*See* Doc. 72]. Before Judge Herrera could adopt that recommendation, Mr. Payne's son sent the Court a letter seeking an additional six (6) week stay due to Mr. Payne's injuries sustained during a fall. [Doc. 73]. After reviewing the recommendation and this request, Judge Herrera adopted the undersigned's recommendation and set the following new case management deadlines: Mr. Payne's expert disclosure due November 20, 2019; United States' rebuttal expert disclosure due December 26, 2019; and discovery termination set for January 13, 2020. [Doc. 75].

Instead of obtaining an expert or counsel, Mr. Payne filed a "Request to Consider Waiver of Federal Civic Court Rule 26(a)" on November 4, 2019. [Doc. 77]. The United States responded on November 18, 2019. [Doc. 78]. Mr. Payne did not reply, but filed a document seeking a status update on his request on January 16, 2020. [Doc. 80]. As such, briefing on his Motion is complete.

Also pending is a "Certificate of Service" Mr. Payne filed on February 4, 2020, attaching evidence he believes proves the United States' liability and stating his interpretation of that evidence. [Doc. 82]. The Court should not consider this evidence for several reasons, the most pertinent of which is that Mr. Payne failed to confer with counsel for the United States before he submitted it. *See* D.N.M.LR-Civ. 7.1(a). Mr. Payne also failed to comply with the Local Rules' requirement that he cite appropriate authority in support of the legal positions he is advocating. *See* D.N.M.LR-Civ. 7.3(a). Just as the Court cannot favor the United States because it is represented by counsel, the Court will not fashion arguments for Mr. Payne or presume to know his intent in filing this evidence on the docket. Moreover, as is explained next, the Court concludes

that reference to Mr. Payne's evidence is not necessary to recommend resolution of the United States' Motion in his favor.

## II.   <u>LEGAL STANDARDS</u>

### A. The Court should assume the truth of Mr. Payne's allegations in his Complaint when deciding the United States' Motion to Dismiss and apply the plausibility standard.

As noted, the United States' Motion is labeled a "Motion to Dismiss" and exclusively cites Federal Rule of Civil Procedure 12(b)(6), which permits dismissal of a plaintiff's case for failure to state a claim. [*See generally* Doc. 54]. When resolving motions brought under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and views them in the light most favorable to Mr. Payne, drawing all reasonable inferences in his favor. *See Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289, 1292-1293 (10th Cir. 2017). In other words, the Court may only dismiss a case for failure to state a claim under Rule 12(b)(6) where a reasonable person could not plausibly conclude that the facts alleged could result in a finding of liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

However, in the body of its Motion the United States asserts that this Court lacks subject matter jurisdiction over Mr. Payne's case because he has failed to establish a waiver of sovereign immunity (by failing to identify an expert witness to support his medical malpractice claim). [Doc. 54, p. 1].[6] Accordingly, the Court must also consider whether the United States' Motion should be

---

[6] To establish this Court's subject matter jurisdiction Mr. Payne must establish a waiver of sovereign immunity by the United States. As summarized by the Tenth Circuit in *Garling*, 849 F.3d at 1294:

> Sovereign immunity precludes federal court jurisdiction.... [and] "[t]he United States can be sued only to the extent that it has waived its immunity...." Through 28 U.S.C. § 1346(b)(1), the FTCA waives sovereign immunity for certain state law tort claims against the United States.... The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same

granted under the standards applicable to Federal Rule of Civil Procedure 12(b)(1). *See, e.g.*, *De Baca v. United States*, 403 F. Supp. 3d 1098, 1113 (D.N.M. 2019) (Browning, J.) (discussing standards applicable to Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction).

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion: the court must consider the complaint's allegations to be true." *DeBaca*, 403 F.Supp.3d at 1113 (citation omitted). On the other hand, when challenging the actual facts upon which subject matter jurisdiction is based under Rule 12(b)(1) the movant may rely on evidence properly before the Court without altering the nature of the motion. *Id.*

The United States does not address which Rule 12 standard it believes applies, but its argument that Mr. Payne's case should be dismissed because he has not identified an expert clearly goes beyond the Complaint's allegations, indicating a factual attack. Likewise, Mr. Payne's

---

extent as a private party for certain torts of federal employees acting within the scope of their employment…." Subject to the exceptions listed in § 2680, the FTCA permits:

> civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). "State substantive law applies to suits brought against the United States under the FTCA."

*Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Orleans*, 425 U.S. 807, 814 (1976); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004)).

responsive briefing asks the Court to permit him to proceed without an expert and purports to challenge the United States' expert's conclusions through the submission of evidence. Nonetheless, the Court concludes that it should assume the Complaint states the truth without reference to the parties' evidence (or lack of evidence) by virtue of the United States' failure to proffer affirmative evidence in support of its jurisdictional argument, or to properly invoke Federal Rule of Civil Procedure 56. *Garling*, 849 F.3d at 1293 n.3 ("[W]hen a defendant asserts that [a] FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged.") (quoted authority omitted).

The United States' approach (which assumes that Mr. Payne cannot state a claim without an expert) makes little sense at the pleading stage, before the Court has an opportunity to set an expert disclosure deadline. In contrast, if the Court were deciding a motion for summary judgment after the close of discovery Mr. Payne would be required to establish a prima facie case of medical negligence via competent evidence. *See Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶¶ 8-11, 105 N.M. 681, 684, 736 P.2d 135, 138 ("In any medical malpractice action, the plaintiff has the burden of proving that: 1) the defendant owed him a duty recognized by law; 2) the defendant failed to conform to the recognized standard of medical practice in the community; and, 3) the actions complained of were the proximate cause of plaintiff's injuries."); *see also Gonzales v. Carlos Cadena, D.P.M., P.C.*, 2010 WL 3997235, at *1 (N.M. Ct. App. Feb. 19, 2010) (unpublished) ("Generally, an expert is required to establish both a deviation from the standard of care and causation, and a defendant can make a prima facie case for summary judgment by demonstrating that the plaintiff cannot establish the elements of malpractice without such an expert."). In other words, because the United States' Motion relied exclusively on Rule 12, which

traditionally focuses on whether Mr. Payne's Complaint states a claim as a matter of *law* (assuming its allegations to be true absent contrary evidence), the Court is precluded from assessing whether Mr. Payne's case has evidentiary support a matter of *fact* sufficient to dismiss under Rule 56.

Moreover, the Court is aware of no New Mexico appellate decision, or Tenth Circuit decision applying New Mexico law, where an alleged medical malpractice case was dismissed at the pleading stage for failure to state a claim because the plaintiff had not yet obtained an expert. Instead, every relevant appellate decision the Court has encountered was decided either at summary judgment (where no expert was offered to rebut a prima facie showing by the defendant) or at trial (where the proffered expert testimony failed to meet the plaintiff's burden of proof). *See, e.g.*, *Holley v. Evangelical Lutheran Good Samaritan Soc.*, 588 F. App'x 792, 794 (10th Cir. 2014) (unpublished) (Plaintiff failed to offer expert testimony of causation at summary judgment.); *Richter v. Presbyterian Healthcare Services*, 2014-NMCA-056, ¶ 57, 326 P.3d 50, 64 (Affirming directed verdict to doctor after plaintiff failed to elicit expert testimony supporting the standard of care at trial.), *cert. denied* 326 P.3d 1111 (May 2, 2014); *Gonzales*, 2010 WL 3997235, at *2 (Plaintiff failed to proffer an expert at summary judgment to show defending podiatrist breached the applicable standard of care or caused her injuries.); *Diaz v. Feil*, 1994-NMCA-108, ¶ 6, 118 N.M. 385, 388, 881 P.2d 745, 748 (Reversing summary judgment granted to a medical provider premised on a bare denial of proximate cause because the provider failed to establish prima facie entitlement to summary judgment.); *Blauwkamp v. Univ. of New Mexico Hosp.*, 1992-NMCA-048, ¶ 19, 114 N.M. 228, 233, 836 P.2d 1249, 1254 ("Defendants in effect asked for summary judgment because Plaintiffs lacked an expert witness."); *Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 8, 105 N.M. 681, 683, 736 P.2d 135, 137 (Plaintiff failed to produce medical expert to rebut defendants' prima facie showing at summary judgment that they adhered to the recognized

standards of medical practice and that their actions were not the proximate cause of the plaintiff's

injuries.); *Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445, 448, 389 P.2d 210, 213,

*holding modified by Pharmaseal Laboratories, Inc. v. Goffe*, 1977-NMSC-071, ¶ 12, 90 N.M. 753,

568 P.2d 589 (Plaintiff offered no expert testimony to establish negligence at summary judgment).[7]

As the New Mexico Court of Appeals recognized in *Tanuz v. Carlberg*, 1996-NMCA-076,

¶ 13, 122 N.M. 113, 117, 921 P.2d 309, 313, *certiorari denied* (Jul 11, 1996), and the New Mexico

Supreme Court reiterated in *Provencio v. Wenrich*, 2011-NMSC-036, ¶ 15, 150 N.M. 457, 261

P.3d 1089, before the resolution of any factual matter in any negligence action (including one

premised on professional negligence) a trial court must frame the relevant law by identifying an

actionable duty of care and defining the nature and scope of that duty. *Provencio*, 2011-NMSC-

036, ¶ 16; *Tanuz*, 1996-NMCA-076, ¶ 13 ("In the absence of legislative directive, courts must

decide as a matter of policy whether or not to recognize a duty under a given circumstance."). Put

another way, the existence of a legal duty, and whether a plaintiff has adequately pled a breach of

that duty proximately causing his injury under New Mexico law are questions of legal sufficiency

that can and should be resolved by the Court by reference to the pleadings alone, especially when

presented with a motion under Rule 12. In contrast, finding a breach of that duty and causation of

resulting harm are matters within the prerogative of the factfinder which, in medical malpractice

---

[7] While the Court did locate one opinion from this district that dismissed a plaintiff's New Mexico malpractice claim pursuant to the Federal Tort Claims Act ("FTCA") under Rule 12(b)(6) for failure to identify a medical expert, that opinion itself recognized that to recover for medical malpractice under New Mexico law a plaintiff must "prove" that the medical professional owed him a legal duty, breached that duty by failing to  adhere to the recognized standard of medical practice in the community, and that the breach was the proximate cause of his injuries. *See Bruton v. United States*, CV 11-0330 WJ/KBM, 2014 WL 12479990 (D.N.M. 2014) (citing *Provencio v. Wenrich*, 2011-NMSC-036, ¶ 15, 150 N.M. 457, 261 P.3d 1089). Having carefully studied *Bruton*, the Court does not agree with its conclusion that a plaintiff must have a medical expert's opinion supporting his position to state a malpractice claim under New Mexico law to plead a plausible claim under the FTCA. To require such a showing at the pleadings stage would force New Mexico plaintiffs to clear a procedural hurdle that simply does not exist in state court. In contrast, if this case was brought under Colorado law Mr. Payne would be required by state statute to produce a professional certification that his claim has merit at the pleadings stage. *See Coleman v. United States*, 803 F. App'x 209, 211-213 (10th Cir. 2020) (unpublished). Because there is no similar requirement in New Mexico, the Court should not impose one here.

11

cases brought in New Mexico, *must* be established through expert testimony at summary judgment or trial. *See Tanuz*, 1996-NMCA-076, ¶ 14.

While the Court recognizes that it is permitted to convert the United States' Motion to one for summary judgment under Rule 56, it may only do so after notice to the parties and an opportunity to present all material that is pertinent to the entry of judgment. *See* Fed. R. Civ. P. 12(d). Here, the United States made no request to convert its Motion under Rule 12(d) and the Court cannot *sua sponte* grant the United States summary judgment under Rule 56 without providing Mr. Payne with notice that he must meet this heightened standard and an opportunity to respond with appropriate evidence. Mr. Payne was not on notice that he was defending against summary judgment when he responded to the instant Motion, and even though he submitted evidentiary materials after briefing was complete, the United States filed a formal Notice of Objections to those materials – removing them from the Court's purview. [*See* Doc. 82; Doc. 85]. Under these circumstances it would be procedurally unfair for the Court to grant the United States summary judgment under a rule it neither raised nor properly applied to the facts of this case. *See* D.N.M.LR-Civ. 7.1; *see also Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (Discussing a movant's burden of persuasion at summary judgment which must be rebutted by a showing by the nonmovant sufficient to establish the existence of each element of his claim.). The United States is correct that Mr. Payne will most likely need an expert to survive summary judgment and to proceed to trial, and it should file a motion citing the appropriate rule if it believes summary judgment is warranted. However, in deciding the United States' present Motion, the Court should accept as true all well-pleaded factual allegations in the Complaint and view them in the light most favorable to Mr. Payne, drawing all reasonable inferences in his favor. *See Garling*, 849 F.3d at 1292-1293.

**B. The Court should treat Mr. Payne the same as any other litigant.**

Finally, in resolving Mr. Payne's Motion seeking waiver of his disclosure requirements under Federal Rule of Civil Procedure 26, the Court notes that pro se litigants "must comply with the same rules of procedure as other litigants." *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). The Court notes that it is permitted to waive the Local Rules for this district "to avoid injustice," but that the Federal Rules of Civil Procedure contain no such provision. *Compare* D.N.M.LR-Civ. 1.7 *with* Fed. R. Civ. P. 1 (Stating that the Federal Rules govern proceedings in all civil actions in the United States district courts and should be "construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). As such, the Court should continue to apply the Federal Rules of Civil Procedure to this case.

**III.   <u>ANALYSIS</u>**

**A. The Court concludes that Mr. Payne's Complaint adequately states a claim for medical malpractice under New Mexico law. Therefore, the United States' Motion to Dismiss under Rule 12 should be denied.**

Mr. Payne's factual averments are described above and will not be repeated. Suffice to say, the Court finds that Mr. Payne has adequately stated a claim for medical malpractice by alleging: (1) the existence of a legal duty by Dr. Kingsley to reasonably treat his acute gallbladder disease; (2) the breach of that duty through misdiagnosis and failure to schedule Mr. Payne for emergency surgery; and, (3) a plausible connection between Dr. Kingsley's alleged failures and his resulting injury (manifested by a complicated subtotal cholecystectomy shortly thereafter). *See Schmidt*,

1987-NMCA-046, ¶¶ 8-11. While the Court agrees that Mr. Payne's inability to procure an expert will likely be fatal at summary judgment, as explained, the issue before the Court here is only whether Mr. Payne has plausibly *pled* a claim, not whether he will ultimately succeed in *proving* that claim. *See Diaz v. Feil*, 1994-NMCA-108, ¶ 6, 118 N.M. 385, 388, 881 P.2d 745, 748 (Reversing summary judgment granted to a medical provider premised on a bare denial of proximate cause because the denial failed to establish prima facie entitlement to summary judgment in the absence of affirmative evidence, and reasoning that the plaintiff adequately stated a claim under New Mexico's Rule 1-012(b)(6) if the allegations in the complaint were accepted as true.). Therefore, because Mr. Payne's FTCA Complaint states a plausible claim for medical malpractice under New Mexico law, the United States' Motion to Dismiss should be denied.

## B. The Court should not waive Mr. Payne's disclosure obligations under the Federal Rules of Civil Procedure and New Mexico substantive law.

As noted, the Court is permitted to waive its own Local Rules "to avoid injustice," *see* D.N.M.LR-Civ. 1.7, but there is no similar provision in the Federal Rules. More importantly, there is nothing unjust about requiring Mr. Payne to adhere to longstanding legal requirements under New Mexico substantive law. The Court's Local Rules "should be construed consistently with the Federal Rules of Civil Procedure," which plainly require Mr. Payne to support his claims with admissible evidence at summary judgment or trial. *See* Fed. R. Civ. P. 52 (bench trials); Fed. R. Civ. P. 56 (summary judgment) *see, e.g. Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) ("Arnett's pro se status doesn't alleviate his burden on summary judgment."). Thus, the Court finds Mr. Payne's Motion seeking such relief to be lacking in legal support, which precludes the Court from granting the requested relief. *See* Fed. R. Civ. P. 7(b)(1)(B) (Requiring a request for a court order to state with particularity the grounds supporting the relief requested.); *see also* D.N.M.LR-

Civ. 7.3(a) (Requiring the citation of authority to support legal positions argued in briefing.). As such, it too should be denied.

## IV.   **ADDITIONAL MATTERS**

As was mentioned earlier, in responding to the United States' Motion to Dismiss Mr. Payne observed that this case has yet to be referred for a settlement conference before a United States Magistrate Judge. The Court liberally construes Mr. Payne's statements in this regard as a motion under D.N.M.LR-Civ. 16.2(a), which states that every civil case (with exceptions not applicable here) must proceed to a settlement conference before a Judge unless otherwise ordered. Given the length of time this case has been pending, the Court believes that at least attempting settlement will ensure Rule 1's admonition that cases be resolved in an expedient, inexpensive, and just manner is observed here. *See* Fed. R. Civ. P. 1.

## V.   **RECOMMENDATION**

Wherefore, for the foregoing reasons, the Court **hereby recommends** that the United States' Motion to Dismiss [Doc. 54] and Mr. Payne's Motion to Waive his obligations under Rule 26 and New Mexico malpractice law [Doc. 77] be **denied**. The Court **further recommends** that this Case be **referred** to a United States Magistrate Judge to conduct a settlement conference as required by D.N.M.LR-Civ. 16.2(a).

_____
Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.