IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD PAYNE, SR.,

      Plaintiff,

v.                                                                                                                   CV 17-0536 JCH/JHR

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND ORDERING DEFENDANT TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 30 DAYS**

This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter [Doc. 88], entered at the undersigned's request pursuant 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990). In the PFRD Magistrate Judge Ritter recommends denial of the United States' Motion to Dismiss [Doc. 54] and Mr. Payne's request to be excused from producing an expert witness to support his medical malpractice claims [Doc. 77]. [*See generally* Doc. 88]. Magistrate Judge Ritter further recommends that this case be referred to a mandatory settlement conference as required by this Court's Local Rules. [*Id.*]. The United States filed objections to the PFRD which ask this Court to overrule Magistrate Judge Ritter's findings, convert its Motion from a motion to dismiss to one for summary judgment and enter judgment against Mr. Payne because he cannot support his claims at trial and a settlement conference would be futile. [*See generally* Doc. 89]. Meanwhile, Mr. Payne filed requests seeking to use the United States' expert witness, for the appointment of counsel, and for the Court to appoint an independent expert witness [Docs. 90, 92, 95, 98]. Having considered these filings, the Court hereby **adopts**

1

the PFRD, **overrules** the United States' objections, and, to the extent they ask the Court to deviate from standard practice, **denies** Mr. Payne's requests.[1]

## I. BACKGROUND[2]

Mr. Payne alleges that he sought care from Dr. Darra Kingsley at the Raymond G. Murphy VA Medical Center in Albuquerque, New Mexico, because he was experiencing "symptoms of choledocolithiasis and cholecystitis and had been referred to Dr. Kingsley, a general surgeon, to consult about a cholecystectomy." [Doc. 1, p. 2]. However, Dr. Kingsley referred Mr. Payne for ulcer testing rather than scheduling him for a cholecystectomy. [*Id.*]. As a result Mr. Payne required "extensive emergency medical treatment, including a complicated subtotal cholecystectomy[,]" shortly after his visit with Dr. Kingsley, which caused [him] significant suffering, distress and pain." [*Id.*, pp. 2-3].

After a series of procedural halts due to events beyond the control of the parties, briefing was completed on the United States' Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 71]. As Magistrate Judge Ritter noted, the upshot of the United States' briefing is that, despite his representations that he is seeking counsel and an expert witness to support his claims, Mr. Payne "has failed to disclose an expert witness to assist in meeting his burden of proof and/or to rebut the opinions rendered by defense expert, Mario Leyba, M.D." [*Id.*, p. 5]. Mr. Payne, on the other hand, asked the Court to permit him to proceed to trial without an expert (which is clearly barred by New Mexico malpractice law unless he is able to shoulder the

---

[1] As Magistrate Judge Ritter recognized, Mr. Payne is proceeding *pro se*. Thus, while the Court does not act as his advocate, it liberally construes his filings. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, *Requena v. Roberts*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

[2] Neither party objected to Magistrate Judge Ritter's recitation of this case's history and his findings are repeated here only where essential to the result.

extremely heavy burden of establishing liability through testimony of an opposing expert). [Doc. 77].

After considering the case history against the pending filings and controlling law, Magistrate Judge Ritter entered his PFRD on August 17, 2020, recommending that the United States' Motion to Dismiss Mr. Payne's medical malpractice claims and Mr. Payne's Motion asking the Court to waive his expert witness, as required to prove his malpractice claims under New Mexico law, be denied. [*See generally* Doc. 88]. Magistrate Judge Ritter noted that the United States relied on Federal Rule of Civil Procedure 12(b)(6) in its Motion, and he reasoned that its failure to invoke Rule 56 or follow its procedures precluded conversion of the Motion to one for summary judgment under Rule 12(d). [Doc. 88, pp. 7-12]. While Magistrate Judge Ritter agreed "that Mr. Payne will most likely need an expert to survive summary judgment and proceed to trial" and he invited the United States to "file a motion citing the appropriate rule if it believes summary judgment is warranted[,]" he concluded that "it would be procedurally unfair to grant the United States summary judgment under a rule it neither raised nor properly applied to the facts of this case." [Doc. 88, p. 12]. Applying Rule 12(b)(6), Magistrate Judge Ritter found that Mr. Payne's Complaint stated a claim for medical malpractice under New Mexico law and so he recommended that the Court deny the United States' Motion. [Doc. 88, pp. 13-14]. However, finding Mr. Payne's motion to proceed without an expert to be lacking in legal support, Magistrate Judge Ritter also recommended that his request be denied. [Doc. 88, pp. 13-15]. Finally, noting that this case has not been referred to a settlement conference as required by this Court's Local Rules, Magistrate Judge Ritter recommended that settlement at least be attempted before one of this district's full-time magistrate judges. [Doc. 88, p. 15].

## II.   THE UNITED STATES' OBJECTIONS

Mr. Payne did not object to the PFRD and so the Court adopts Magistrate Judge Ritter's recommendation that his Motion be denied. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The United States objected on August 31, 2020, arguing that Mr. Payne has failed to produce an expert despite numerous opportunities to do so, that a settlement conference is not warranted (and that the United States would not provide settlement authority to defense counsel if one was ordered), and that the motion to dismiss must be converted to a motion for summary judgment under Rule 12(d) with judgment granted in its favor. [Doc. 89, pp. 1-7]. According to the United States, the Court has no discretion to deny its Motion, because Rule 12(d) "requires" this Court to convert it once matters outside the pleadings were presented. [Doc. 89, p. 5]. In sum, the United States asked the Court to refuse to adopt the PFRD, to convert its Motion, and to grant that motion in its favor. [Doc. 89, p. 7].

## III.   CONTROLLING LAW

### A. Resolution of objections to a Magistrate Judge's findings and conclusions

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations

of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") (quoted authority omitted).

### B. Mr. Payne as a *pro se* litigant.

As noted above, the Court must "construe a pro se litigant's pleadings liberally." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). "The rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985) (quoted authority omitted). Therefore, "[d]istrict courts must take care to ensure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings." *Id.*

### C. Conversion of a motion to dismiss to a motion for summary judgment

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Thus, "[w]hen … the motion to dismiss raises an affirmative defense that is not plain from the pleadings and outside evidence is presented and

5

considered, federal courts will generally treat the motion as one for summary judgment." *Gutierrez v. Marcello's ChopHouse*, 2020 WL 3412471, at *5 (D.N.M. June 22, 2020) (citing *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. Apr. 15, 2019) (unpublished)). Contrary to the United States' position, however, whether to consider evidence presented with a motion to dismiss is subject to the district court's "broad discretion." *Broker" Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (citing *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (1990)). On the other hand, it is reversible error for a district court to consider matters outside the pleadings if it fails to convert the motion to one for summary judgment and the dismissal could not be justified under the standards applicable to Rule 12(b)(6). *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). Thus, a district court should proceed with caution before relying on evidence or lack thereof to deny a party his day in court when Rule 12(b)(6), rather than Rule 56, is invoked.

Such caution determines the standard of review. When reviewing a Rule 12(b)(6) motion to dismiss the Court looks solely at the complaint. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). Under Rule 12(b)(6) "[a]llegations in the plaintiff's complaint are presumed true [and t]he complaint will not be dismissed unless it appears that the plaintiff cannot prove facts entitling him to relief." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (citations omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint *alone* is legally sufficient to state a claim for which relief may be granted." *Id.* (emphasis added).

If a district court intends to rely on evidence (or here, the lack of evidence) it must convert the rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties.

6

*See Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1209 (D.N.M. 2019) (citing Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

### D.  Local summary judgment procedure.

In addition to the requirements of Federal Rule 56, this Court's Local Rules require formal procedure when a party intends to seek summary judgment. *See* D.N.M.LR-Civ. 56. Local Rule 56.1(b) provides:

> **Statement of Material Facts.** The moving party must file with the motion a written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon (the "Memorandum"). A party opposing the motion must file a response containing a short, concise statement of the reasons in opposition to the motion with authorities. The moving party may file a written reply with authorities.
> - The Memorandum must set out a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies.
> - The response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted. The response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies.
> - The reply must contain a concise statement of those facts set forth in the response which the movant disputes or to which the movant asserts an objection. Each fact must be lettered, must refer with particularity to those portions of the record upon which the movant relies, and must state the letter of the non-movant's fact. All material facts set forth in the response will be deemed undisputed unless specifically controverted.

D.N.M.LR-Civ. 56.1(b). The United States does not argue, nor could it, that these procedures were followed here.

### E. Local Rule 16.2 – requiring a settlement conference in every civil case.

As Magistrate Judge Ritter recognized: "In every civil case the parties must participate in a settlement conference with a Judge unless otherwise ordered by the Court." D.N.M.LR-Civ. 16.2(a).

### F. Appointment of an independent expert.

"Though Federal Rule of Evidence 706(a) permits the district court to appoint a medical expert, courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). Appointment of an expert under Rule 706 should not disrupt "the delicate balance of the juristic role." *Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016) (quoting *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir.1988)). "[I]t cannot follow that a court must therefore appoint an expert under Rule 706 whenever there are allegations of medical malpractice." *Rachel v. Troutt*, 820 F.3d 390, 398 (10th Cir. 2016) (quoting *Gaviria v. Reynolds*, 476 F.3d 940, 945 (D.C.Cir.2007)).

### G. Appointment of counsel.

The protection afforded to pro se litigants likely results from the fact that there is no constitutional right to counsel in a civil case. *Sandle v. Principi*, 201 Fed. Appx. 579, 582 (10th Cir. 2006) (unpublished) (citation omitted).

> In criminal cases, the Supreme Court has found that right implicit in the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." In civil cases, the right can arise from the Due Process Clause of the Fifth Amendment, but the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases.

*Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) (quoting U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984); *Ponce–Leiva v. Ashcroft*, 331 F.3d 369, 381–82 (3d Cir. 2003)). The Court has discretion to appoint counsel to represent indigent litigants. *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (citing *McCarthy v. Weinberg*, 753 F.2d

8

836, 838 (10th Cir. 1985) ("28 U.S.C. § 1915(d), which pertains to proceedings in forma pauperis, provides that "[T]he court may request an attorney to represent any such person unable to employ counsel ...." The appointment of counsel under this statute is a matter within the discretion of the district court.").

## IV.    ANALYSIS

As further explained below, the United States' arguments against the Magistrate Judge's reasoning and conclusions are not well-founded and so they are overruled, meaning that its Motion to Dismiss is denied. Having failed to object to Magistrate Judge Ritter's conclusions, Mr. Payne's requests are also denied. What remains is a case that has languished for far too long. The United States is therefore instructed to move for summary judgment through a properly supported filing, or to obtain reasonable settlement authority so the parties may attempt to reach a settlement.

**A. The United States' Objections to the PFRD are overruled.**

The primary argument the United States presses in favor of rejecting the PFRD is that the Court is "required" to convert its Motion and grant it summary judgment *sua sponte*. However, this is not the standard. The Court is never "required" to convert a motion to dismiss to one for summary judgment unless it intends to rely on evidence outside of the pleadings. Therefore, the USA's argument rests on a false premise and is rejected.

The Court concludes that Magistrate Judge Ritter was correct to treat the United States' Motion under Rule 12. When the Court converts a motion under Rule 12(d) to one for summary judgment, each party must be afforded proper notice and an opportunity to respond to the factual and legal positions raised. Here, however, the United States cited only Rule 12(b) in its briefing before Judge Ritter, and its invocation of Rule 12(d) here comes too late where Mr. Payne's right to a decision on the merits is at stake. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)

9

("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court agrees with Magistrate Judge Ritter that Mr. Payne was not given sufficient notice to present all pertinent evidence for the Court's consideration, and the Court is not comfortable granting judgment to the United States against a pro se plaintiff who, if provided the opportunity, could reasonably attempt to support his claims by reference to the United States' expert under New Mexico law. *See Tanuz v. Carlberg*, 1996-NMCA-076, ¶ 14, 122 N.M. 113, 117, 921 P.2d 309, 313 (citing *Mascarenas v. Gonzales*, 1972-NMCA-062, ¶ 7, 83 N.M. 749, 752, 497 P.2d 751, 754 ("The negligence of a doctor may be established by his own testimony.")).

Finally, the United States' objections are overruled as a matter of procedure. The government has failed to comply with this Court's well-established Local Rules for seeking summary judgment. A level playing field requires that both parties be held to the Local Rule requirements.

In sum, the United States' objections are overruled as unsupported by relevant law. If the government believes it can prove entitlement to summary judgment it may file an appropriate motion citing the appropriate legal standards, citing admissible evidence in support of its position, and following the format required by this Court's Local Rules.

**B. Mr. Payne's requests to employ the United States' expert and for the appointment of an independent expert are denied to the extent they deviate from standard practice.**

As noted briefly, Mr. Payne may rely on the United States' expert to prove his claims under New Mexico law. However, the Court will take no independent action on his behalf. It was Mr. Payne's duty to discover the relevant facts from the defense witnesses and the time for discovery has long passed. Thus, if the United States moves for summary judgment Mr. Payne will need to articulate how Dr. Kingsley breached the standard of care by citing admissible evidence gleaned

10

from the defense. He has not shown entitlement to the extraordinary remedy of an independent expert appointed by the Court under Rule 706.

### C. Mr. Payne's request for the appointment of counsel is denied.

As noted, there is generally no right to the appointment of counsel in a civil case. The exception is that the Court is permitted to appoint counsel for an indigent litigant. However, Mr. Payne is not indigent. He paid his filing fee and is not proceeding under Section 1915. [Doc. 2]. Where a part is not indigent, § 1915(e)(1) does not authorize appointment of counsel. *Cox v. LNU*, 924 F. Supp. 2d 1269, 1280 (D. Kan. 2013). Therefore, Mr. Payne's request for the Court to appoint Counsel is denied.

### D. If the United States fails to move for summary judgement within 30 days of the entry of this Order this Court will refer the case to a mandatory settlement conference.

Finally, our Local Rules require a settlement conference in every civil case (with exceptions not applicable here). Except for asserting that it is entitled to summary judgment, the United States has not demonstrated entitlement to be released from this generally applicable requirement.

However, in the interest of judicial efficiency, the Court will consider a properly filed and supported motion for summary judgment by the United States if such a motion is filed within 30 days of the entry of this Order. In other words, the United States has a limited window to attempt to resolve the case through dispositive briefing before the Court requires settlement efforts in the interest of judicial efficiency and, ultimately, justice. *See* Fed. R. Civ. P. 1.

### V.   CONCLUSION AND ORDER

Wherefore, the Court **overrules** the United States' objections [Doc. 89], **adopts** the PFRD [Doc. 88], **denies** the United States' Motion to Dismiss [Doc. 54] and **denies** Mr. Payne's requests (1) to be excused from producing an expert witness, (2) to use the United States' expert witness,

(3) for the appointment of counsel, and (4) for the Court to appoint an independent expert witness [Docs. 77, 90, 92, 95, 98]. The United States shall file a motion for summary judgment within **30 days** of the entry of this Order or file a status report notifying the Court that its counsel has settlement authority and is prepared to engage in settlement proceedings.

SO ORDERED.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**