IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD T. PAYNE, SR.,

      Plaintiff,

v.                                                                                                                CV 17-0536 JCH/JHR

UNITED STATES OF AMERICA,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

This matter comes before the Court on the United States of America's Motion for Summary Judgment [Doc. 101], filed April 8, 2021, and Motion to Strike Plaintiff's Surreply to Motion for Summary Judgment [Doc. 109], filed June 4, 2021. Mr. Payne filed documents that the Court liberally construes[1] as a Response [Doc. 103] and a Surreply [Doc. 107] to the Motion for Summary Judgment, and a Response to the Motion to Strike. [Doc. 110]. This case was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), to perform any legal analysis required to recommend to presiding District Judge Herrera an ultimate disposition of the case. [*See* Doc. 53]. The Court, being familiar with

---

[1] Mr. Payne is proceeding *pro se* in this matter. While the Court does not act as his advocate, it must liberally construe his filings. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, *Requena v. Roberts*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers…. We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

the history of this case and having carefully considered its duty to fairly apply the law, **hereby recommends** that the Court **grant** the United States' Motion for Summary Judgment because Mr. Payne has failed to produce expert witness evidence sufficient to support his medical malpractice claim(s) against Dr. Darra Kingsley at the Raymond G. Murphy Veterans Affairs Medical Center despite ample time to do so. The Court **further recommends** that the United States' Motion to Strike be **denied**.

## I. LEGAL STANDARD AT SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Most important at summary judgment is the absence or presence of genuine issues of material fact. The Rule therefore requires reliance on evidence that would be admissible at trial. Fed. R. Civ. P. 56(c)(2). In reality, this often requires little more than an affidavit or declaration based on personal knowledge showing that the affiant or declarant is competent to testify on the matters stated. *See* Fed. R. Civ. P. 56(c)(4). Nonetheless, some record evidence must be relied on. Fed. R. Civ. P. 56(c)(1).[2] Where, as here, the burden of persuasion at trial rests on the nonmoving party (Mr. Payne), the movant (the United States) may carry its initial burden by demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330-331 (1986)).

---

[2] Stating: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Under New Mexico law, Mr. Payne must show that Dr. Kingsley (1) owed him a duty recognized by law; (2) breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) that the acts or omissions complained of proximately caused his injuries. *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct.App.1992). Expert testimony from a competent medical professional is required, and failure to proffer expert testimony at summary judgment or trial is almost always fatal to a medical malpractice claim. *See, e.g.*, *Holley v. Evangelical Lutheran Good Samaritan Soc.*, 588 F. App'x 792, 794 (10th Cir. 2014) (unpublished) (Plaintiff failed to offer expert testimony of causation at summary judgment.); *Richter v. Presbyterian Healthcare Services*, 2014-NMCA-056, ¶ 57, 326 P.3d 50, 64 (affirming directed verdict to doctor after plaintiff failed to elicit expert testimony supporting the standard of care at trial), *cert. denied* 326 P.3d 1111 (May 2, 2014); *Gonzales v. Carlos Cadena, D.P.M., P.C.*, 2010 WL 3997235 (N.M. Ct. App. Feb. 19, 2010), at *2 (Plaintiff failed to proffer an expert at summary judgment to show defending podiatrist breached the applicable standard of care or caused her injuries.); *Diaz v. Feil*, 1994-NMCA-108, ¶ 6, 118 N.M. 385, 388, 881 P.2d 745, 748 (reversing summary judgment granted to a medical provider premised on a bare denial of proximate cause because the provider failed to establish prima facie entitlement to summary judgment); *Blauwkamp v. Univ. of New Mexico Hosp.*, 1992-NMCA-048, ¶ 19, 114 N.M. 228, 233, 836 P.2d 1249, 1254 ("Defendants in effect asked for summary judgment because Plaintiffs lacked an expert witness."); *Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 8, 105 N.M. 681, 683, 736 P.2d 135, 137 (Plaintiff failed to produce medical expert to rebut defendants' prima facie showing at summary judgment that they adhered to the recognized standards of medical practice and that their actions were not the proximate cause of the plaintiff's injuries.); *Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445, 448, 389 P.2d 210, 213, *holding*

*modified by Pharmaseal Laboratories, Inc. v. Goffe*, 1977-NMSC-071, ¶ 12, 90 N.M. 753, 568 P.2d 589 (Plaintiff offered no expert testimony to establish negligence at summary judgment).

With these standards in mind, the Court turns to the United States' Motion.

## II.     UNDISPUTED MATERIAL FACTS[3]

Mr. Payne presented to the Veterans Affairs Memorial Center Hospital on July 15, 2014, complaining of pain and alleging symptoms consistent with gall bladder disease. [Doc. 101, p. 2]. He was seen by general surgeon Dr. Darra Kingsley, who on examination did not find symptoms of cholecystitis (inflamed gallbladder) or choledocholithiasis (gall stones). [Doc. 101, pp. 2-3]. She determined that: he had a history of Transient Ischemic Attacks, diabetes and hyperlipidemia, with epigastric pain since Friday, July 11, 2014, he did not show a history for active biliary colic and the abdominal exam showed tenderness in the epigastrium but without tenderness in the right upper quadrant where the gallbladder is located (a negative "Murphy's Sign"[4]). [Doc. 101, p. 3]. Dr. Kingsley diagnosed gastritis/duodenitis or pancreatitis and advised Mr. Payne of her plan going forward to rule out disease processes, which included ordering a series of blood and lab tests. [*Id.*]. Unfortunately, Mr. Payne's pain did not subside and, approximately one week after he was examined by Dr. Kingsley, he was admitted to Northwest Texas Hospital for gallbladder surgery. [Doc. 101, p. 4].[5]

---

[3] The following facts are supported by competent evidence and are undisputed by Mr. Payne. Fed. R. Civ. P. 56(c)(1); D.N.M.LR-Civ. 56.1(b).

[4] "Murphy's Sign" occurs on physical examination when there is pain and rigidity under the ribs on the right side (right hypochondrium) that increases with the patient breathing in. [Doc. 101, p. 3 n.3 (citing Collins Dictionary of Modern Medicine, R.M. Youngson 2004)].

[5] Mr. Payne presents a lengthy numbered recitation of each interaction he had with the Veterans Affairs Administration and his treatment by other medical providers. [*See* Doc. 103, pp. 2-6]. The Court duly considered this proffer and wants Mr. Payne to understand that this information was not included in this decision because it is not "material" to his medical malpractice claim against Dr. Kingsley. That claim requires showing that *she* owed him a duty, that *she* breached it, and that *her* actions caused damage to him. Other actors' actions are not relevant to this claim unless they (1) show that Dr. Kingsley acted unreasonably as a matter of the proper standard of medical practice in the community and (2) are presented in a form that shows Mr. Payne could marshal admissible evidence at trial.

## III.     PROCEDURAL HISTORY

Mr. Payne filed his Complaint for Medical Malpractice and Damages under the Federal Tort Claims Act ("FTCA") on May 9, 2017. [Doc. 1]. Mr. Payne alleges that Dr. Kingsley misdiagnosed and failed to treat his acute gallbladder disease resulting in "medical crisis which necessitated extensive medical treatment and caused [him] significant suffering, distress and pain." [*Id.*, p. 3]. The United States answered Mr. Payne's Complaint on July 24, 2017. [Doc. 12]. The United States admitted that its employees, including Dr. Kingsley, had a duty to possess and apply the knowledge and use the skill and care that are ordinarily used by reasonably well-qualified and trained medical providers. [*Compare* Doc. 1, ¶ 14 *with* Doc. 12, ¶ 14]. However, the United States asserts as an affirmative defense that its agents exercised due care at all times and in all matters alleged in the Complaint and that no action or failure to act by one of its agents proximately caused Mr. Payne's damages. [Doc. 12, p. 3].

Then came scheduling and Mr. Payne's attempts to secure an expert. After holding a Rule 16 Scheduling Conference, Magistrate Judge Lynch entered an Order Setting Pretrial Deadlines and Adopting Joint Status Report on August 29, 2017. [Doc. 19 ("Scheduling Order")]. The Scheduling Order required Mr. Payne to disclose his expert witness(es) by January 2, 2018. The United States' expert disclosure was set for January 31, 2018, and discovery was set to close on February 26, 2018. [*Id.*]. Mr. Payne missed his deadline to disclose expert witnesses; however, he filed an Unopposed Motion to Extend Discovery and Motion Deadlines on January 29, 2018, which was granted on January 30, 2018. [*See* Docs. 29 (Motion), 30 (Order)]. This Order extended the discovery and pretrial motions deadlines by 60 days to April 26, 2018, and May 29, 2018, respectively. [*See* Doc. 30]. Meanwhile, the United States disclosed its expert to Mr. Payne on January 31, 2018. [Doc. 31].

Rather than attempt to meet the amended case management deadlines, Mr. Payne filed a letter on February 20, 2018 seeking to dismiss his case without prejudice because of his inability to obtain counsel or an expert witness. [*See* Doc. 34]. In response to Mr. Payne's letter, then-presiding Chief District Judge Armijo entered an Order staying the case until July 13, 2018, "to allow Plaintiff additional time to seek counsel and find an expert witness." [Doc. 39]. Effectively, Judge Armijo extended Mr. Payne's expert disclosure deadline. [*Id.*]. Judge Armijo concluded her Order by stating that the Court would set a status conference if Mr. Payne was unable to secure counsel or an expert by July 13, 2018. [*Id.*].

July 13, 2018, came and went and Magistrate Judge Jerry Ritter convened a status conference on October 22, 2018, to determine how the case should proceed. [*See* Doc. 51]. The Court noted that all pretrial deadlines had expired, even as extended by Judge Armijo's Order. [*Id.*]. As Judge Armijo had taken senior status, the case was reassigned to District Judge Herrera who then referred the matter to Judge Ritter for proposed resolution. [*See* Doc. 53].

The United States filed a Motion to Dismiss on November 14, 2018, which essentially sought dismissal because Mr. Payne "failed to disclose an expert witness to assist in meeting his burden of proof and/or to rebut the opinions rendered by defense expert, Mario Leyba, M.D." [Doc. 54, p. 5]. After obtaining an extension to file his response until December 12, 2018, [Doc. 55], Mr. Payne instead filed a Motion for Postponement on December 7, 2018 due to family medical issues. [Doc. 56]. After the United States declined to respond, Judge Ritter stayed the case until May 1, 2019, and directed Mr. Payne to file his response to the Motion to Dismiss no later than May 6, 2019. [Doc. 61]. Unfortunately, Mr. Payne's personal circumstances only worsened and on April 3, 2019, he moved to extend the stay. [Doc. 62]. Mr. Payne's request was granted and the stay was extended until June 12, 2019. [Doc. 64]. On June 8, 2019, Mr. Payne mailed a

document liberally construed as a response to the United States' Motion to Dismiss (filed by the Clerk on June 17, 2019). [Doc. 66]. The United States filed a reply on July 1, 2019, [Doc. 71], completing the briefing.

After carefully reviewing the record Judge Ritter declined to address the merits of the United States' Motion and entered Proposed Findings and a Recommended Disposition on July 9, 2019, recommending that discovery be reopened to permit Mr. Payne an additional opportunity to disclose an expert and obtain discovery. [*See* Doc. 72]. Mr. Payne's son then sent the Court a letter seeking an additional six (6) week stay due to injuries Mr. Payne sustained during a fall. [Doc. 73]. Judge Herrera subsequently adopted Judge Ritter's recommendation and set new case management deadlines: Mr. Payne's expert disclosure due November 20, 2019; United States' rebuttal expert disclosure due December 26, 2019; and discovery termination set for January 13, 2020. [Doc. 75].

Instead of obtaining an expert or counsel, Mr. Payne filed a "Request to Consider Waiver of Federal Civic Court Rule 26(a)" on November 4, 2019. [Doc. 77]. The United States responded on November 18, 2019. [Doc. 78]. Mr. Payne did not reply, but filed a document seeking a status update on his request on January 16, 2020. [Doc. 80].

Judge Ritter recommended denying the United States' Motion to Dismiss and presiding District Judge Herrera agreed, entering her Memorandum Opinion and Order Overruling Objections, Adopting Proposed Findings and Recommended Disposition and Ordering Defendant to File a Motion to Summary Judgment Within 30 Days [Doc. 100], on March 11, 2021. The United States complied, including in its statements of material fact that Mr. Payne can present no expert testimony to support his medical malpractice claim. [Doc. 101, pp. 2-7]. Mr. Payne's Response addresses none of the asserted facts directly, instead presenting his own numbered narrative. [Doc. 103, pp. 2-8]. In its Reply, the United States argues that many of Mr. Payne's facts

are inadmissible but, more to the point, that Mr. Payne failed to meet his burden with respect to any of *its* facts. [Doc. 105, p. 9]. The United States concludes that, having presented no competent expert evidence sufficient to create a material issue of fact regarding breach of duty or causation, Mr. Payne cannot sustain his claim for medical negligence. [*Id.*, pp. 10-12].

Briefing was complete on April 30, 2021. [Doc. 106]. Roughly a month later Mr. Payne filed a document labeled "Plaintiff Opposes Motion for Summary Judgment." [Doc. 107]. In this document, effectively an unsanctioned surreply, Mr. Payne challenges the United States' statement of facts. [*Id.*]. He disputes the United States' assertions and assures the Court that he is honest. [Doc. 107, pp. 3-4]. He presents his own recollection of events along with a treatment note documenting that he was seen in an emergency department in Tucumcari, New Mexico, days before he saw Dr. Kingsley but was told that there was no cholecystitis despite the presence of gallstones. [Doc. 107, p. 14; pp. 17-31]. At the end of this document Mr. Payne states his "opinion that Dr. Kingsley failed to use [the] standard of care regarding [his] medical problem…. [b]y failing to follow reasonable procedures and tests…" which could have permitted her to make "much more enhanced diagnoses." [Doc. 107, p. 31].

The United States moves to strike Mr. Payne's surreply from the record on the grounds that Mr. Payne failed to obtain leave before filing it as required by this Court's Local Rules and because it is untimely. [Doc. 109, pp. 1-2]; *see* D.N.M.LR-Civ. 7.4 The United States acknowledges that a motion to strike typically pertains only to pleadings, *see* Fed. R. Civ. P. 12(f), but notes an exception that a Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of the Court. [*Id.*, p. 2 (citing *Ysais v. N.M. Judicial Standards Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (Browning, J.)]. Mr. Payne filed a Response in opposition on June 14, 2021, completing the briefing. [Doc. 110].

## IV. ANALYSIS

The Court warned Mr. Payne that his inability to procure an expert would likely be fatal at summary judgment. [*See* Doc. 88, p. 14]. The general rule in New Mexico is that breach of duty and causation in medical negligence cases must be shown by the testimony of a witness qualified as an expert in the pertinent (though not necessarily identical) medical field. *See Blauwkamp v. Univ. of New Mexico Hosp.*, 1992-NMCA-048, ¶¶ 16-23, 114 N.M. 228, 836 P.2d 1249. An exception has been recognized for those rare cases "Where the negligence and harmful results are sufficiently obvious as to lie within common knowledge." *Forbes v. Osteopathic Hosp. of Maine, Inc.*, 552 A.2d 16, 17 (Maine 1988) (citations and internal quotation marks omitted), cited by *Blauwkamp*, 1992-NMCA-048, ¶ 19, 114 N.M. at 232-33, 836 P.2d at 1253-54. Mr. Payne's case relies upon his own opinions that he was misdiagnosed by Dr. Kingsley based on emergency room doctor's diagnosis of "acute gallbladder infection with gallstones" three days prior to, [Doc. 102, pp. 2, 14], and emergency surgery with a diagnosis of "Disintegrated Gallbladder, Gangrene and Gallstones" six days after, Dr. Kingsley's examination. [Doc. 103, pp. 5, 15]. The fact that he was referred to the VA for follow-up to the emergency room diagnosis indicates that the first diagnosis was not sufficient by itself to mandate immediate surgery but that the follow-up would involve a new round of medical judgment. The ultimate surgery and purported diagnosis points to a conclusion that surgery was necessary at that time but does not by itself establish that failure to order surgery at the VA six days earlier was a breach of the standard of care. Neither Mr. Payne's opinion nor "common knowledge" is sufficient for a factfinder to declare either that Dr. Kinglsey breached the standard of care on July 15, 2014, or that Mr. Payne's condition on the date of surgery was proximately caused by Dr. Kingsley's actions six days before. Only an expert medical witness would be able to provide the help that a factfinder would need to reach those conclusions.

The absence of competent evidence to establish medical malpractice renders summary judgment appropriate at this time. *See, e.g.*, *Romig v. Univ. of New Mexico Bd. of Regents*, 2020 WL 5798512, at *2 (N.M. Ct. App. Sept. 29, 2020) ("Because there is no dispute that Plaintiffs require expert testimony to establish their medical malpractice claims, we hold that summary judgment was proper.") (citing *Blauwkamp,* 1992-NMCA-048, ¶ 16, 114 N.M. 228, 836 P.2d 1249); *Miller v. New Mexico Heart Inst., PA*, 2019 WL 5095837, at *7 (N.M. Ct. App. Sept. 9, 2019) ("Generally, expert testimony is required in medical malpractice cases 'to establish (1) the standard of care, treatment, and information by which the actions of the [medical provider] are to be judged; (2) the manner in which [she] measures up to the standard, and (3) whether [her] alleged acts were the proximate cause of the injuries complained of.'") (quoting *Henning v. Parsons*, 1980-NMCA-131, ¶ 9, 95 N.M. 454, 623 P.2d 574); *Sherman v. Anasazi Med. Associates*, 2016 WL 1546446, at *1 (N.M. Ct. App. Mar. 1, 2016) ("As we emphasized in our notice, however, for Plaintiff's claims against the Lovelace Defendants, expert testimony was needed to address whether their treatment of Plaintiff fell below the requisite standard of care."). Mr. Payne has failed to meet his burden of production, rendering this case inappropriate for further proceedings. *See* Fed. R. Civ. P. 52 (bench trials); Fed. R. Civ. P. 56 (summary judgment); *see, e.g. Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) ("Arnett's *pro se* status doesn't alleviate his burden on summary judgment.").

As to the United States' Motion to Strike, Rule 12(f) is not authority to strike *any* filing in the docket but only pleadings. Not all filings are pleadings. *See Pueblo of Jemez v. U.S.*, 2017 WL 6512230 at *2 (D.N.M. 2017) (citing *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F. Supp. 3d 946, 988 (D.N.M. 2017)); Fed. R. Civ. P. 7(a) (Allowed pleadings are: complaint and third-party complaint; answer to complaint, counterclaim, cross-claim or third-party complaint, and; a reply

10

to an answer if allowed by the court.). While local rule grants the Court discretion to strike Mr. Payne's surreply because he filed it without leave, discretion provides the Court options and the United States has not shown prejudice from allowing the surreply to remain part of the record, duplicative as it is. *See Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, (10th Cir. 1992) (unpublished); *Kassa v. Plans Admin. Comm. of Citigroup, Inc.*, 2011 WL 13289818, at *2 (D.N.M. Apr. 27, 2011) (unpublished) ("Motions, briefs, memoranda, objections, or affidavits may not be attacked by the motion to strike.") (citation omitted). At the risk of seeming to reward a *pro se* party after violation of a local rule, in the absence of actual harm to the movant's case, the United States' Motion to Strike Mr. Payne's Surreply should be denied.

## V.     RECOMMENDATION

The Court sympathizes with Mr. Payne's circumstances and the frustrations that come from attempting to prosecute a complex and technical case without assistance of counsel. However, the substantive law of New Mexico generally requires an expert witness to prove breach of duty and causation of harm in medical malpractice cases, and this case has not been shown to be an exception. The Court has done everything short of advocating for Mr. Payne by significantly extending his time to produce sufficient evidence to avoid dismissal. Mr. Payne ultimately was unable to present evidence that would be admissible at trial to prove he suffered malpractice.

WHEREFORE, for the foregoing reasons, the Court **hereby recommends** that the United States' Motion for Summary Judgment [Doc. 101] be **granted** and its Motion to Strike [Doc. 109] be **denied**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**