IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD PAYNE, SR.,

    Plaintiff,

v.                                                     CV 17-0536 JCH/JHR

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter [Doc. 112], entered at the undersigned's request pursuant 28 U.S.C. § 636(b)(1)(B), (b)(3), and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990). In the PFRD Magistrate Judge Ritter recommends granting the United States' Motion for Summary Judgment [Doc. 101] and denying its Motion to Strike Plaintiff's Surreply to Motion for Summary Judgment [Doc. 109]. [*See generally* Doc. 112]. Objections to the PFRD were due no later than December 2, 2021. [*See id.*, p. 12]. Mr. Payne filed a document which the Court liberally construes[1] as objections to the PFRD on November 23, 2021, citing the reasoning of his previous briefing. [*See generally* Doc. 113]. Mr. Payne also filed a document seeking additional time to object to the PFRD, stating that his "home office" would be closed until December 4, 2021. [Doc. 114]. Mr. Payne filed objections on December 17, 2021. [Doc. 115]. Having considered these filings, the Court hereby **adopts** the PFRD, **overrules** Mr. Payne's objections, and dismisses this case with prejudice.

---

[1] As Magistrate Judge Ritter recognized, Mr. Payne is proceeding *pro se*. Thus, while the Court does not act as his advocate, it liberally construes his filings. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018), *cert. denied*, *Requena v. Roberts*, 139 S. Ct. 800, 202 L. Ed. 2d 589 (2019); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

1

I.   **UNDISPUTED MATERIAL FACTS**[2]

Mr. Payne presented to the Veterans Affairs Memorial Center Hospital on July 15, 2014, complaining of pain and alleging symptoms consistent with gall bladder disease. [Doc. 101, p. 2]. He was seen by general surgeon Dr. Darra Kingsley, who on examination did not find symptoms of cholecystitis (inflamed gallbladder) or choledocholithiasis (gall stones). [Doc. 101, pp. 2-3]. She determined that he had a history of Transient Ischemic Attacks, diabetes and hyperlipidemia, with epigastric pain since Friday, July 11, 2014, he did not show a history for active biliary colic and his abdominal exam showed tenderness in the epigastrium but no tenderness in the right upper quadrant where the gallbladder is located (a negative "Murphy's Sign"[3]).  [Doc. 101, p. 3]. Dr. Kingsley diagnosed gastritis/duodenitis or pancreatitis and advised Mr. Payne of her plan going forward to rule out disease processes through a series of blood and lab tests. [*Id.*]. Unfortunately, Mr. Payne's pain did not subside and, approximately one week after he was examined by Dr. Kingsley, he was admitted to Northwest Texas Hospital for gallbladder surgery. [Doc. 101, p. 4].[4] Mr. Payne asserts that Dr. Kingsley was negligent in failing to properly diagnose and treat his condition. [*See* Doc. 1].

II.   **THE PFRD**

After considering the extensive procedural history of this case against the pending filings

---

[2] The following facts are supported by competent evidence and are undisputed by Mr. Payne. Fed. R. Civ. P. 56(c)(1); D.N.M.LR-Civ. 56.1(b). Neither party objected to Magistrate Judge Ritter's recitation of this case's history and his findings are repeated here only where essential to the result.

[3] "Murphy's Sign" occurs on physical examination when there is pain and rigidity under the ribs on the right side (right hypochondrium) that increases with the patient breathing in. [Doc. 101, p. 3 n.3 (citing Collins Dictionary of Modern Medicine, R.M. Youngson 2004)].

[4] As noted by Magistrate Judge Ritter, Mr. Payne presents a lengthy numbered recitation of each interaction he had with the Veterans Affairs Administration and his treatment by other medical providers which are irrelevant to his claims against Dr. Kingsley. [*See* Doc. 103, pp. 2-6; Doc. 112, n. 5].

and controlling law, Magistrate Judge Ritter entered his PFRD on November 18, 2021, recommending that the Court grant the United States' Motion for Summary Judgment on Mr. Payne's medical malpractice claims against Dr. Kingsley and deny its Motion to Strike Mr. Payne's surreply. [Doc. 112]. Citing the legal standard for summary judgment and New Mexico malpractice law, Magistrate Judge Ritter reasoned that Mr. Payne's failure to secure competent evidence to support his claims with expert testimony renders summary judgment appropriate. [*Id.*, pp. 9-10]. As he explained,

> Mr. Payne's case relies upon his own opinions that he was misdiagnosed by Dr. Kingsley based on emergency room doctor's diagnosis of "acute gallbladder infection with gallstones" three days prior to, [Doc. 102, pp. 2, 14], and emergency surgery with a diagnosis of "Disintegrated Gallbladder, Gangrene and Gallstones" six days after, Dr. Kingsley's examination. [Doc. 103, pp. 5, 15]. The fact that he was referred to the VA for follow-up to the emergency room diagnosis indicates that the first diagnosis was not sufficient by itself to mandate immediate surgery but that the follow-up would involve a new round of medical judgment. The ultimate surgery and purported diagnosis points to a conclusion that surgery was necessary at that time but does not by itself establish that failure to order surgery at the VA six days earlier was a breach of the standard of care. Neither Mr. Payne's opinion nor "common knowledge" is sufficient for a factfinder to declare either that Dr. Kingsley breached the standard of care on July 15, 2014, or that Mr. Payne's condition on the date of surgery was proximately caused by Dr. Kingsley's actions six days before. Only an expert medical witness would be able to provide the help that a factfinder would need to reach those conclusions.

[*Id.*, p. 9]. In conclusion, Magistrate Judge Ritter reasoned that Mr. Payne has failed to meet his burden of production at summary judgment, rendering further proceedings in this case inappropriate. [*Id.*, p. 10].

As to the United States' Motion to Strike, Magistrate Judge Ritter noted that motions under Rule 12(f) are only meant to strike pleadings. Therefore, he recommended denying the government's motion, accepting "the risk of seeming to reward a pro se party after violation of a local rule, in the absence of actual harm to the movant's case[.]" [*Id.*, p. 11].

### III. MR. PAYNE'S OBJECTIONS

The United States did not object to the PFRD and so the Court adopts Magistrate Judge Ritter's recommendation that its Motion to Strike be denied. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). As noted, Mr. Payne's objections refer to his previous briefing where he argued that he does not need an expert to prove medical negligence in this case. [*See* Doc. 113 (referring the Court to Docs. 103, 105, 106, 107, 108, and 109]. Mr. Payne's substantive objections recite the factual history of this case from his perspective. [Doc. 115, pp. 2-11]. He also proffers his credibility and states that he is his "own expert" for the purposes of this case but takes no issue with Magistrate Judge Ritter's legal analysis. [Doc. 115, p. 12].

### IV. CONTROLLING LAW

#### A. Resolution of objections to a Magistrate Judge's findings and conclusions

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the

magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

### B. Legal Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Most important at summary judgment is the absence or presence of genuine issues of material fact. The rule therefore requires reliance on evidence that would be admissible at trial. Fed. R. Civ. P. 56(c)(2). This often requires little more than an affidavit or declaration based on personal knowledge and showing that the affiant or declarant is competent to testify on the matters stated. *See* Fed. R. Civ. P. 56(c)(4). Nonetheless, some record evidence must be relied on. Fed. R. Civ. P. 56(c)(1).[5] Because the burden of persuasion at trial rests on Mr. Payne, the United States may carry its summary judgment burden by demonstrating to the Court that Mr. Payne's evidence is insufficient to establish an essential element of his claim. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 330-331 (1986)).

### C. New Mexico Malpractice Law

Under New Mexico law, Mr. Payne must show that Dr. Kingsley (1) owed him a duty recognized by law; (2) breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) that the acts or omissions complained of proximately caused his injuries. *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252

---

[5] Rule 56(c)(1) states: "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

(Ct.App.1992). Expert testimony from a competent medical professional is almost always required, and thus failure to proffer expert testimony at summary judgment or trial is almost always fatal to a medical malpractice claim. *See, e.g.*, *Holley v. Evangelical Lutheran Good Samaritan Soc.*, 588 F. App'x 792, 794 (10th Cir. 2014) (unpublished) (Plaintiff failed to offer expert testimony of causation at summary judgment.); *Richter v. Presbyterian Healthcare Services*, 2014-NMCA-056, ¶ 57, 326 P.3d 50, 64 (affirming directed verdict to doctor after plaintiff failed to elicit expert testimony supporting the standard of care at trial), *cert. denied* 326 P.3d 1111 (May 2, 2014); *Gonzales v. Carlos Cadena, D.P.M., P.C.*, 2010 WL 3997235 (N.M. Ct. App. Feb. 19, 2010), at *2 (Plaintiff failed to proffer an expert at summary judgment to show defending podiatrist breached the applicable standard of care or caused her injuries.); *Diaz v. Feil*, 1994-NMCA-108, ¶ 6, 118 N.M. 385, 388, 881 P.2d 745, 748 (reversing summary judgment granted to a medical provider premised on a bare denial of proximate cause because the provider failed to establish prima facie entitlement to summary judgment); *Blauwkamp v. Univ. of New Mexico Hosp.*, 1992-NMCA-048, ¶ 19, 114 N.M. 228, 233, 836 P.2d 1249, 1254 ("Defendants in effect asked for summary judgment because Plaintiffs lacked an expert witness."); *Schmidt v. St. Joseph's Hosp.*, 1987-NMCA-046, ¶ 8, 105 N.M. 681, 683, 736 P.2d 135, 137 (Plaintiff failed to produce medical expert to rebut defendants' prima facie showing at summary judgment that they adhered to the recognized standards of medical practice and that their actions were not the proximate cause of the plaintiff's injuries.); *Cervantes v. Forbis*, 1964-NMSC-022, ¶ 12, 73 N.M. 445, 448, 389 P.2d 210, 213, *holding modified by Pharmaseal Laboratories, Inc. v. Goffe*, 1977-NMSC-071, ¶ 12, 90 N.M. 753, 568 P.2d 589 (Plaintiff offered no expert testimony to establish negligence at summary judgment).

## V. ANALYSIS

As noted by this Court when denying the United States' Motion to Dismiss, Mr. Payne's duty at summary judgment to articulate how Dr. Kingsley breached the standard of care requires a showing of admissible evidence establishing her actions to be negligent as a matter of fact. This standard is not novel, but is well-established New Mexico law, and the Court warned Mr. Payne at multiple junctures that he needed to secure expert testimony for his claims to continue to trial. The Court provided Mr. Payne with numerous opportunities outside of normal scheduling to secure this testimony, to no avail. In the end, a lack of competent evidence requires the entry of summary judgment, and Mr. Payne takes no issue with Magistrate Judge Ritter's analysis in that respect. Mr. Payne's *pro se* status does not justify an exception to basic principles of litigation or the substantive law controlling this case. Mr. Payne's objections raise no new points and fail to offer any specific reason to reject the recommendation that summary judgment be granted other than to recite the history of this case from Mr. Payne's perspective. Therefore, they are overruled.

## VI. CONCLUSION AND ORDER

Wherefore, the Court **overrules** Mr. Payne's objections [Docs. 113 and 115], **adopts** the PFRD [Doc. 112], **grants** the United States' Motion to for Summary Judgment [Doc. 101] and **denies** its Motion to Strike [Doc. 109]. Final Judgment for the United States will be concurrently entered.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**